# WOODWARD VS. GARNER.

1. JUSTICE'S COURT — JURISDICTION. Under the Organic Act limiting the jurisdiction of justices of the peace, a justice of the peace has no jurisdiction of an action founded upon an account for a greater sum than $50 though the amount of the account may have been reduced to less than $50 by payments or credits.

2. JURISDICTION — PRACTICE. A want of jurisdiction may be taken advantage of at any stage of the proceedings, prior to final judgment.

ERROR to the District Court for *Grant* County.
The case is stated in the opinion of the court.
*Barker & Dewey*, for plaintiff in error.
No appearance for defendant in error.

IRVIN, J. This case originated before a justice of the peace in Grant county, who rendered a judgment therein for the defendant, for the sum of twenty-seven cents and the costs of suit, upon which the plaintiff obtained a writ of certiorari, and removed the cause into the district court for that county, where the judgment was reversed, and one given for the plaintiff for the sum of $3.79 and the costs of suit, to which judgment the plaintiff in error took exception, and sued out a writ of error, upon which the case has been brought to this court.

The only point now raised and brought to the consideration of the court in this case is one of jurisdiction. Upon examination of the account of the plaintiff below, upon which suit was brought, it is found to amount to the sum of $57.47, upon which there are credits amounting to $30.48. The defendant filed an account in set-off amounting to $49.95. The question of jurisdiction was not raised in the district court, and is here made for the first time. By the organic law, the jurisdiction of justices of the peace is limited to the sum of $50, and the account of the plaintiff amounting to a greater sum, the justice was necessarily ousted of jurisdiction, notwithstanding the credit which the plaintiff had given upon the account,

as the total amount of the account formed the subject of inquiry and adjudication. This principle was declared in the case of *Barker v. Baxter, ante,* in which all the authorities relied on are cited. It is never too late to take advantage of a want of jurisdiction, at any stage of the proceedings, previous to a final judgment. See the decision of this court in the case of *Dewey v. Hyde, ante.* We therefore recognize the exception as taken in due time, and accordingly reverse the judgment of the district court, and direct that the case be dismissed by that court for want of jurisdiction, and that it be so certified to that court, to be carried into execution.