# WHEELING.

ATKINSON, EX'R, v. SUTTON et al.

Submitted June 7, 1883—Decided December 15, 1883.

1. Where it is apparent to the court from the record of a cause that the real merits sought to be determined are not so presented, either on account of defects in the pleadings or in the evidence, as to enable it to decide the real questions in controversy, it is the duty of the court to require such defects to be removed before proceeding to hear the cause and pass upon it finally. And in a plain case, where the inferior court fails to discharge this duty, the Appellate Court will, for that reason alone, reverse and remand the cause. (p. 200.)

2 Extrinsic evidence, which is introduced to place the court, as nearly as practicable, in the position of the testator and show the state of his property at the time of making his will, should be received by the court and is entitled to have its just bearing upon the legal import and effect of the will. (p. 200.)

3. Whether or not a provision for a wife in the will of her husband is intended to be in lieu of her dower, may be implied as well as expressed. If not expressed in the will, then, in order to ascertain the implied intention, it is not only proper but absolutely essential, that the situation of the testator, the property owned by him, his liabilities and all the surrounding circumstances likely to influence him in the disposition of his property should be known. (p. 201.)

The facts of the case are stated in the opinion

*John R. Donehoo* for appellant.

*G. W. Caldwell* for John Sutton and Eliza A. Sutton appellees.

SNYDER, JUDGE:

In January, 1881, John H. Atkinson, executor of the will of John Sutton sr., filed his bill in the circuit court of Hancock county against the widow, legatees and heirs of his testator to have said will construed by the court and directions given as to his duties as such executor. The said will is dated March 13, 1875, and was admitted to probate in said

county September 13, 1879. The provisions thereof submitted for construction are as follows :

"First. I will, give, devise and bequeath unto my wife, Eliza A. Sutton, eight hundred dollars to be paid to her as hereinafter described ; also one bedstead and bedding for the same, eight chairs, one bureau and the personal property my said wife brought to my house when we were married, and one cow.

"Second. It is my will that my farm of land on which I now reside, situated on the waters of Holbert's run, Butler district, Hancock county, West Virginia, containing about one hundred and seventy-four acres, more or less, shall be sold by my executor hereinafter named as soon after my death as convenient and upon such terms as may seem best for my heirs. And I hereby empower my said executor to convey said tract of land when sold to the purchaser by deed with general warranty, the same power being given him in this my last will as though I were living.

"Third. I will, give, devise and bequeath unto my children, to-wit, William W. Sutton, Mary Murdock, Rachel A. Longstroth, Elizabeth Irwin, Margaret Allison, Amanda Jenkins, Emeline Patterson, and John Sutton jr., to be given an equal portion of my estate after the sale of my land, subject, however, to certain sums of money advanced to them heretofore and which they shall be charged with on final settlement : To William W. Sutton the sum of three hundred dollars, Rachel A. Longstroth one hundred and twenty dollars, Elizabeth Irwin three hundred and sixty dollars, Margaret Allison three hundred dollars, Amanda Jenkins three hundred dollars and John Sutton one thousand dollars."

By the fourth clause the testator gives to his daughter, Martha Jane Applegate, three hundred dollars, and by the fifth he gives to his grand-daughter, Mary E. Chidester, one hundred dollars, and the sixth and last clause is as follows:

"Sixth. It is my will that my executor hereinafter named shall before making a distribution of the proceeds of the sale of my real estate pay all my just debts, funeral expenses, erect a suitable gravestone, and all expenses attending the settlement of my estate."

So far as the record shows the only real estate of which

the testator died seized was the farm of one hundred and seventy-four acres mentioned in his will. This farm was appraised at six thousand and ninety dollars, and the personal estate at four thousand three hundred and twenty three dollars and twenty cents. Of this latter three thousand four hundred and thirty dollars consists of five notes of five hundred dollars each executed by John Sutton jr. to the testator, his father, all dated May 15, 1872, and due at three, four, five, six and seven years, respectively after date. The widow, Eliza A. Sutton, never renounced the provisions made for her by the will. These are all the material facts shown by the record.

The bill avers that the widow claims that she is entitled not only to all the bequests and legacies made to her in said will, but also to dower in said real estate, and that the plaintiff as executor of said will, has only the right and power thereunder to sell the said real estate, subject to her dower right, whilst the said William Sutton and others of the defendants claim that the said real estate is not subject to dower of the said widow, but that the said bequests and legacies to said widow were made by the said testator, and intended by him to be in lieu of dower and for the jointure of the said widow, and that her dower is barred thereby; that the said John Sutton jr. claims that all he is to be charged with as against the bequest made to him in said will, is the sum of one thousand dollars, mentioned therein as chargeable to him by way of advancement, and that he is not chargeable with the amounts of said notes above referred to, but that the indebtedness therein evidenced, is by said will extinguished; and the said William Sutton and others of the defendants claim that the said indebtedness of John Sutton jr. as well also as the said one thousand dollar advancement, are to be charged to him upon the distribution of the legacies provided for by said will.

Thus two questions are presented for determination: *First,* was the provision made by the testator in said will for his widow intended to be in lieu of dower and for her jointure? And *second,* should said John Sutton jr. be charged with only the one thousand dollars mentioned in the will as an advancement, or should he be charged with that sum and

also the amount of the five notes executed by him to his father, and if the latter, was said one thousand dollars mentioned in the will, included in said notes?

Neither of these questions can, it seems to me, be properly determined without the ascertainment of material facts which do not appear in the cause, but which the record discloses must necessarily exist and may have an important bearing on the interpretation of said will. The circuit court undertook to decide these questions without having these facts ascertained and in this, I think, it clearly erred. While it is generally true, that a court can be called upon only to decide causes as the parties present them and cannot be expected to formulate and direct the manner in which they shall be presented, still when from the cause as presented by the parties it is apparent to the court that the real questions sought to be determined are not brought before it either on account of defects in the pleadings or the evidence, it is the duty of the court to require such defects to be removed before proceeding to hear the cause on its merits or rather without having the merits before it. And when an inferior court fails to discharge this duty, the Appellate Court will reverse and remand the cause—*Mayers* v. *Edwards*, 13 W. Va. 822, 832.

Extrinsic evidence which is intended to place the court, as nearly as practicable, in the position of the testator at the time of making his will, and also such as will show the state of the testator's property, has always been regarded as legitimate and entitled to have its just bearing upon the legal import and effect of the will—1 Redf. Wills 598. To aid in the construction of a will, evidence may be received, and should be sought, of any facts known to the testator which may reasonably be supposed to have influenced him in the disposition of his property, and of all the surrounding circumstances at the time of making his will—*Mayers* v. *Edwards*, *supra*; *Wootton* v. *Redd*, 12 Gratt. 196.

Our statute declares that, "If any estate, real or personal, *intended to be in lieu of her dower*, shall be conveyed or devised for the jointure of the wife, such conveyance or devise shall bar her dower of the real estate or the residue thereof"—Sec. 4, ch. 65, Code.

The intention of the testator to exclude dower to the wife, within the meaning of this statute, may be either express on the face of the will or implied from a fair construction of it. If such intention is express then, of course, there is no need of circumstances to show the intention. But if not expressed in the will, then, in order to ascertain the implied intention, it is not only proper but absolutely essential that the situation of the testator, the property owned by him and the surrounding circumstances likely to influence him in the disposition of his property, should be known. Such implied intention may be deduced by showing that the claim of dower is inconsistent with the will and repugnant to its dispositions or some of them; or that to allow dower would disturb and disappoint the plain purpose and intent of the testator as shown by the whole will. To ascertain such implied intention, it is almost as essential to have in view the property owned, at the time, by the testator, and with reference to which he made his will, as it is to see the will itself. If the provision made by the will for the wife was equal to or in excess of the amount she would be entitled to under the law, this would be a circumstance in favor of the implication that such provision was intended to be in lieu of dower. On the other hand, if the provision made for her was insignificant in comparison with her dower right, the implication would be exactly the reverse. Therefore, in order to arrive at a fair and just conclusion as to the intention of the testator, the court in interpreting the will should have before it the will, the value and character of the whole estate of the testator, the value of the property given by the will to the wife, the debts due from the estate, the encumbrances on the property, if any, and, in fact, all the surrounding circumstances and facts presumably known to the testator, so far as practicable, which may be supposed would have influenced a reasonable man in the disposition of his property.

Applying these principles to the suit at bar, we find, at least, two essential facts wanting in the record which may have an important bearing on the interpretation of that provision of the will relating to the widow. The bequest to the wife embraces not only a fixed sum and specific articles of property which might be regarded as sufficiently defined and

their value determinable from the will alone, but in addition to these she is given the personal property she brought to the testator when they were married. The value of this property can in no manner be ascertained from the will or any fact appearing in the record. It may have been quite inconsiderable or it may have been very considerable. It may have been fifty dollars, or it may have been five thousand dollars. The marriage having taken place before our Code of 1868 took effect, this property belonged to the testator; and, therefore, whatever its value may be, it must be considered as a part of the bequest made by the testator to his wife.

In the next place the testator provides in the sixth clause of his will that his executor, before distributing the proceeds of his real estate, shall pay all his just debts. This not only shows that there may have been debts due from the estate, but it raises an implication that the testator may have thought them to be, and that in fact they may be so considerable that his personal estate was insufficient to pay them. Then, before attempting to interpret this provision of the will the court should have ascertained the liabilities of the estate and the value of the property given by the will to the wife.

In the third clause of his will the testator gives to his son, John, one eighth of the residue of his estate, subject to an advancement of one thousand dollars, with which he is to be charged. It appears that the testator, at the time he made his will, held five notes on said John of five hundred dollars each. But it does not appear whether or not the testator advanced to John one thousand dollars in addition to the sums for which he took and held these notes. On the face of the will it is uncertain whether the testator referred to the sums for which he held these notes as an advancement or as in part an advancement, or whether he had in fact advanced his said son one thousand dollars over and beyond the sums evidenced by these notes. Whether the fact was the one way or the other was doubtless readily ascertainable and should have been ascertained before the will was interpreted, as it might have an important bearing on one of the main questions presented by the bill in this cause.

I am, therefore, ot opinion that the decree of the circuit court should be reversed with costs to the appellants against the appellee, John H. Atkinson, administrator, to be paid out of the assets of the estate of his testator; and this cause is remanded to said circuit court with leave to the plaintiff to amend his bill and for further proceedings to be there had therein according to the principles announced in this. opinion.

REVERSED.    REMANDED.