PRAIRIE GROVE CHEESE MANUFACTURING COMPANY, Appellant, vs. LUDER, Respondent.

*January 30—February 18, 1902.*
*May 16—June 19, 1902.*

*Justices' courts: Jurisdiction: Action on express contract or on account? "Balance due:" Settlement: Acceptance of part of amount due.*

1. An action to enforce payment upon a valid contract of sale of certain definite articles at an agreed price is an "action arising or growing out of an express contract," within the meaning of subd. 1, sec. 3572, Stats. 1898; and the fact that the goods were delivered in instalments, and a record kept thereof in the form of an account, does not make the action one "founded on an account," under subd. 3 of said section. *Nimmick v. Mathiesson,* 32 Wis. 324, distinguished.

2. The words "balance due" in subd..1, sec. 3572, Stats. 1898, mean merely the remainder after deducting proper credits, and not necessarily a balance agreed upon by the parties.
3. The amount due on a contract being undisputed, the mere acceptance by the creditor of a check for a smaller sum, containing the words "paid in full today, eight hundred and ninety-one and 21–100," did not, in the absence of any consideration for a release of the balance, operate as a settlement or an accord and satisfaction.

APPEAL from a judgment of the circuit court for Dane county: ROBERT G. SIEBECKER, Circuit Judge. *Reversed.*

The plaintiff, a domestic corporation, sued the defendant in justice's court for a balance alleged to be due of $68.98 upon the sale of 8,729 pounds of cheese at eleven cents per pound. The defendant filed a general denial and pleaded payment.

The evidence upon the trial before the justice showed that on December 11, 1899, the plaintiff had on hand at its factory eleven tubs of September cheese, which was slightly damaged, and on that day made an oral sale thereof to the defendant at eleven cents per pound; that the defendant had previously examined the cheese, and knew its condition, but that the same had not been weighed; that the cheese was afterwards delivered by the plaintiff to the defendant one or two tubs at a time, as ordered, the last delivery being made and accepted on the 20th day of December; that the weight of the whole quantity of cheese delivered was 8,729 pounds, which, at eleven cents per pound, amounted to $960.19; that on January 13, 1900, the defendant paid the plaintiff by check $891.21, and refused to pay any more, whereupon this action was brought. The check, on its face, contained the words, "Paid in full," and the defendant contended that it was received in settlement of the entire claim.

At the close of the evidence the justice dismissed the case for lack of jurisdiction, whereupon an appeal was taken to the circuit court by the plaintiff, but no affidavit made for the

purpose of obtaining a new trial. The case therefore came up in the circuit court upon the record of the trial in the justice's court, and the circuit court also held that the justice's court had no jurisdiction of the action, and affirmed the judgment of the justice, whereupon the plaintiff appealed to this court.

For the appellant there were briefs by *Lamb, Richmond & Lamb,* and oral argument by *T. C. Richmond.*

For the respondent there was a brief by *Gilbert & Jackson,* and oral argument by *F. L. Gilbert.*

The following opinion was filed February 18, 1902:

WINSLOW, J. Sec. 3572, Stats. 1898, defines and limits the jurisdiction of justices of the peace, and provides, among other things, that a justice shall have jurisdiction over:

"(1) Actions arising or growing out of contract express or implied, wherein the debt or balance due or damages claimed shall not exceed two hundred dollars. . . . (4) Actions founded on any account when the amount of the plaintiff's account, proven to the satisfaction of the justice, shall not exceed five hundred dollars and when the same shall be reduced to an amount not exceeding two hundred dollars by credits given or by the setoff or demand of the opposite party."

The justice before whom this action was brought held that it was an action upon an account which originally exceeded $500 and fell under the fourth subdivision, above quoted, and hence he dismissed the action for lack of jurisdiction. The circuit court affirmed this ruling, and the only question presented which we find it necessary to pass upon is whether this ruling was right.

The plaintiff claims, on the other hand, that it is an action arising out of an express contract, wherein the balance due does not exceed $200, and hence that it falls clearly within the grant of jurisdiction contained in the first subdivision, above quoted; that, being expressly included within one sub-

division, it is immaterial whether the terms of another sub-division include it or exclude it. Were the question a new one in this state, the argument of the plaintiff would seem to be a strong one, but the question seems to have been settled in the case of *Nimmick v. Mathiesson*, 32 Wis. 324. That was an action in all essential particulars like the present action. While its close similarity to the present case is not entirely apparent from the printed report of the case, reference to the case and briefs shows it to have been practically the same case as the present. A lot of zinc ore was sold by plaintiff to defendant at a certain price per ton, and was weighed and delivered at various times, and payments were from time to time made by the defendant, and a balance of less than $200 was claimed to be due by the plaintiff. This court held, however, that there was no doubt that it was an action founded upon account, because it contained a number of distinct items of debit and credit of different dates, and that the subdivision which determined the jurisdiction of justices in actions upon account, being a specific provision strictly applicable to that action, must be considered as controlling, notwithstanding the general language of another subdivision identical in terms with subdivision 1 of the present statute. This decision was rendered in 1873, and has not been overruled or criticised since that time, and we are inclined to follow it.

*By the Court.*—Judgment affirmed.


Appellant moved for a rehearing, which was granted April 22, 1902, and the cause was reargued May 16, 1902.

The following opinion was filed June 19, 1902: .

WINSLOW, J. A rehearing was granted in this case because the court was in doubt whether the former opinion was correct in stating that this case was substantially identical with the case of *Nimmick v. Mathiesson*, 32 Wis. 324, and

ruled thereby.   Upon the rehearing, and upon further examination of the *Nimmick Case,* we have become satisfied that
the two cases are radically different.    The *Nimmick Case*
was an action to recover an alleged balance remaining unpaid
upon the purchase price of a large quantity of zinc ore sold
by plaintiff to defendants, and delivered by team from day to
day during the month of November.   The plaintiff claimed
that it was sold at the agreed price of $9.50 per ton, while
the defendants claim that it was sold to be paid for at certain
specified rates according to its quality as determined by
analysis of samples taken from each delivery; and this was
the main question in the case upon which the parties were
at variance.    But the important feature of the case, and that
which differentiates it from the case at bar, is that no specific
quantity or ascertained amount was sold by the original
arrangement.    Whether that arrangement was for a certain
price per ton, or for payment according to analyses, it was
agreed on all sides that it covered no definite or ascertained
quantity of ore.    The plaintiff himself testified that he sold
defendants what he had on hand, and *all he could find and
furnish in November*.    The contract was entirely an open one
as to the amount to be furnished.    The plaintiff, under its
terms, might deliver 5,000 pounds, or ten times that quantity.
Under the plaintiff's own showing, all that was fixed by the
terms of the contract was the amount to be paid per ton.
When deliveries were thereafter made from day to day under
that arrangement, and payments made from time to time,
there seems no reason to question the conclusion that there
was an account between the parties, in the strict sense of the
term.

In the present case, however, under the undisputed testimony, there was a definite contract on one side to sell, and on
the other side to buy, eleven certain tubs of cheese already in
existence, and known to both parties, at eleven cents per
pound.   All that was left to be done was to weigh it and de-

liver it. Two tubs were delivered and accepted by the
plaintiff on the following day, and by this act the contract
became complete and binding, even though not in writing.
*Amson v. Dreher,* 35 Wis. 615. So we have a valid contract
of sale, at an agreed price, of certain definite articles, to be
delivered on demand. An action to enforce that contract, or
recover damages for its breach, must be an "action arising
or growing out of an express contract." This seems indis-
putable. Nor does the fact that the goods were delivered in
instalments, and a record kept thereof in the form of an
account, turn the action into one upon account. While an
account of the deliveries may properly be kept, an action to
enforce payment is still an action directly upon the express
contract of sale. The account of deliveries and of the
amounts paid, if any, would be properly admissible in evi-
dence, but introduction of such an account would not affect
the character of the action. It would simply be evidence
bearing upon the question whether the contract sued on had
been performed. *Druse v. Horter,* 57 Wis. 644, 16 N. W. 14.

So we conclude that the present action is clearly an action
arising out of, and brought to enforce, an express contract of
sale of definite articles of property, within the meaning of the
first subdivision of sec. 3572, Stats. 1898, and not properly
an action "founded upon an account," within the terms of the
fourth subdivision of that section. But we are here met with
the contention that the words "balance due," in the first sub-
division, mean a balance agreed on by the parties, and hence
that the action cannot be maintained in a justice's court
under that subdivision, because there was no such agreement
in this case; and the case of *Barker v. Baxter,* 1 Pin. 407, is
cited in support of the position. It is true that it was held in
that case by the territorial supreme court that the words
"balance due," in a section somewhat similar to the one now
under consideration, must receive their technical meaning as
a balance found due by debtor and creditor upon settlement

of accounts, and not their meaning according to common parlance. This construction was followed in *Woodward v. Garner*, 2 Pin. 28, but we have been unable to find that it has been directly approved or reaffirmed in any subsequent cases in this court. The rule is a technical one, at best. Of course, were it in any sense a rule of property, we should feel that we could hardly disturb it now, but it is not. We think that it has been the universal practice to treat the words as used in their ordinary and common signification, namely, as meaning the remainder after deducting proper credits. Few indeed would be the cases of contract exceeding $200 to which subd. 1 could apply if the extremely technical rule of the *Barker Case* is to apply. As applied to actions upon account, this construction has some grounds of reason in its favor, because otherwise a long and involved account, involving transactions aggregating thousands of dollars pro and con, might be brought before a justice's court for settlement if only the remainder which the plaintiff claims be less than $200. This was in fact the situation under the section passed upon in the *Barker Case*. But under the present statute, actions upon account have been classed by themselves in subd. 4, and a limit placed upon the size of the account which may be investigated. In a case brought to enforce payment of the remainder claimed to be due upon one definite contract, no such reason applies. There is here only the question whether the contract has been made, and, if so, how much has been paid upon it. Under what we believe to be the universal practice since the statute has been placed in its present form, we feel that we ought to give the word "balance," as used in subd. 1, its common and ordinary construction, namely, a remainder.

It is further suggested by the respondent that, even if the court erred in dismissing the cause for want of jurisdiction, still the evidence showed that there was a settlement or accord and satisfaction proven by the giving and acceptance

of the check for $891.21. We cannot agree with this contention. In the first place, the check contains no statement that the plaintiff's claim was paid in full. It contains the words "paid in full today, eight hundred and ninety-one and 21-100." This would seem to mean no more than the sum of $891.21 was fully paid, but, however this may be, there really was no dispute between the parties as to the amount due. The defendant admitted the amount of the cheese delivered and the price to be paid as claimed by the plaintiff, but practically claimed simply that he had not been able to sell it as favorably as he expected. At most, it was a mere acceptance by the creditor of a part of the amount due on an undisputed claim, with nothing either of advantage to the creditor, or of disadvantage to the debtor, which can stand as a consideration for the release of the balance of the claim. *Herman v. Schlesinger,* 114 Wis. 382, 90 N. W. 460. Upon the undisputed evidence the plaintiff was entitled to judgment for the balance due upon the contract, with interest.

*By the Court.*—Judgment reversed, and action remanded with directions to reverse the judgment of the justice and to render judgment for the plaintiff for $68.98, with interest from December 20, 1899.