# CHARLESTON.

## LYNCH *v*. SPICER.

Submitted January 19, 1903.    Decided April 28, 1903.

1. WILL—*Residuary Legatee.*
   A will gives pecuniary legacies indicating no other fund for

their payment, and there is no other personalty for their payment, and then directs a farm to be sold "and after paying all my debts, the balance to go to my daughter Ella Spicer, except" certain other after named legacies. Ella Spicer takes a residuary legatee, and all the legacies are to be paid out of the proceeds of the farm. (p. 428).

2. WILL.

When a will directs land to be sold, its proceeds are regarded as personalty at the death of the testator. (p. 430).

3. WILL—*Residuary Legatee.*

If manifest from the will that legacies are to be paid in any event, the implication is that the residuary legatee gets only after payment of such legacies. (p. 430).

4. ATTORNEY FEES.

The court disapproves the allowance by courts of exorbitant fees to attorneys out of dead men's estates. (p. 430).

5. WILL—*Intent.*

Realty is chargeable with legacies, if the will discloses such intent. (p. 431).

Appeal from Circuit Court, Monroe County.

Bill by C. E. Lynch, administrator, against Ellen Spicer and others. Decree for plaintiff, and defendants appeal.

*Reversed.*

MILLER & READ, for appellants.

JOHN OSBORNE and R. F. DUNLAP, for appellee.

BRANNON, JUDGE:

Robert D. Shanklin left the following will: "July the twelveth, 1899. I, Robert D. Shanklin, of the county of Monroe, State of West Va., being aware of the uncertainty, and in failing health but of sound mind and memory, do make and declare this to be my last will and testament in manners as follows, to-wit: First, I give to my two step-daughters, Austin Whitten's wife, Avaline, five hundred dollars. I also give Delila Houchins, Allen Houchins' wife, five hundred dollars; my son Riley C. Shanklin, that is dead I gave all the brick house place part to be sold the deed is recorded in the office in *hinton;* I thought that was his full part of my estate, but I will will his heirs fifty dollars more. I will to my daughter, Mary

Wiseman, all the place she now lives on to Mary her lifetime, then go to her daughter, Ella Shanklin, and her husband, Burton Shanklin, at Mary's death. I also leave to Lee Wiseman ten dollars. I also will all my home place all to be sold, after paying all my debts, the balance to go to Lo My daughter, Ella Spicer, except five hundred dollars to Mary Wiseman and her heirs at my daughter's death. I also will to my four grandchildren that live with Washington Mottesherd, their father, in *Greenbryar* county, W. Va. one hundred dollars apiece, making four hundred dollars. My home place when sold is to pay that five hundred dollars to Mary Wiseman, and four hundred—to my grandchildren out of my home place. I also request my administrator to sell my personal property and give a credit for it. I also appoint George H. Vawter my administrator. Robert D. Shanklin. (Seal.)"

C. E. Lynch, administrator c. t. a., filed a bill to construe it. The bill states that the personality is not sufficient to pay the legacies to Avaline Whitten, Delilah Houchins and the heirs of Riley Shanklin. An answer says the farm was sold at $2,850.00, under the will, and that the personality amounted to $186.00. The decree in the case excluded Avaline Whitten and Delilah Houchins from any interest in the proceeds of the sale of the home place and gave out of such proceeds to the plaintiff's attorneys, for their services $200.00, and Avaline Whitten and Delilah Houchins appeal.

The question is whether they are to be paid their legacies out of the land or whether Ella Spicer gets its proceeds free of those legacies. It is the word "balance" that has strong import. It means after excluding what has been before given. It is a residuary clause. The word "balance" operates as a residuary clause. Paige on Wills, sec. 500. Any word importing residue so operates. Schouler on Wills, sec. 522; 2 Lomax Exrs., chapter 5, section 2, page 305; 18 Am. & Eng. Encyc. L 723. Therefore, taken alone, this word imports that Ella Spicer gets only what is left after legacies already given, and debts. True, realty is not chargeable with pecuniary legacies unless the intent appears. *Thomas* v. *Rector,* 23 W. Va. 26. But it does appear from the word "balance." Where it is manifest that the intent was that the legacies are to be paid at all events, the implication is that the residuary devisee or legatee shall only

have the remainder after satisfaction of the pervious legacies. *Bird* v. *Stout,* 40 W. Va. 43; *Thomas* v. *Rector,* 23 *Id.* 26. Surely the testator intended that the two legacies to Avaline Whitten and Delilah Houchins and the $50.00 to heirs of Riley Shanklin should be paid. There is nothing to pay them except the home farm, and after giving these legacies he says the "balance" of it shall go to Ella Spicer. To what can the word "balance" relate but to those antecedent legacies? I do not suppose that it means balance after excluding debts alone. It can not mean that in order to get at its meaning we shall go forward and finding legacies given afterwards to Mary Wiseman and the four grandchildren say that the word "balance" means the balance after paying debts and these latter legacies, because when he used that word "balance" his mind had not yet come to them, but it had dealt with the legacies to Avaline Whitten and Delilah Houchins. Here we must not forget to weigh the word "except." He gives Ella Spicer the "balance" of the money from the home farm "except" $500.00 to Mary Wiseman and $400.00 to the grandchildren; that is, he excepts from the "balance" these latter legacies; that is, after paying preceding legacies, he gives the balance to Ella Spicer except the $900.00; he makes an exception from the "balance;" in short he gives Ella the net residuum after all these legacies. This gives these words "balance" and "except" each in its proper location in the will its proper force, and carries out what we must say was the real purpose of the testator; that is, that all these legacies be paid out of the home farm and Ella Spicer get the balance. True, where legacies are given they are, in general, not a charge on realty; but if the testator had in mind the land for their payment, if his intent was that the land should pay them, they are payable out of it. *Hogg* v. *Browning,* 47 W. Va. 22. In this case the word "balance" tells of intent that antecedent legacies shall be paid out of the land; and the word "except" tells of intent that the subsequent legacies shall be payable out of the land. Another consideration here is that when the will was made the testator had virtually no personalty. Within a year he died with only $186.00. He could not have thought that legacies of $1,050.00, besides debts could be paid out of the personalty. He looked to the land for their payment. Thus his situation and his words both show such in-

tent. We may look at the condition of his property at the time to get his intention. *Atkinson* v. *Sutton,* 23 W. Va. 197. Ella Spicer is simply a residuary legatee by the words of the will, by the intent disclosed by its words and the testator's situation as to estate; she gets the residuum after paying all debts and legacies.

Argument is made that legacies are not payable out of realty. They are, if such is the intent, as shown above. But another answer to this argument is that the will does not devise the land to Ella Spicer, but only money. The home farm is personalty for all purposes of the will, as it converts realty into personalty at death of testator. *Brown* v. *Miller,* 45 W. Va. 213; *Board* v. *Blair, Id.,* page 824. Whether or not, this conversion plays any part to show that the testator intended the legacies to be paid out of it, it is certain that the argument that legacies are not payable out of land has no force, because it was personalty at the moment the will spoke. In fact, the testator directed a sale, because otherwise there was nothing to pay legacies. "Where the testator, by provisions in his will, converts the real estate into personalty out and out, legacies are entitled to payment out of the proceeds of such realty in case the personalty is sufficient." 19 Am. & Eng. Ency. L. 1360. Paige on Wills, sec. 709, "The effect of conversion is to impress the property with the character of the property into which it is to be converted, even before a change in form. Thus where there is a conversion of realty, the realty to be converted will be distributed as if personalty." Paige on Wills, sec. 708. *Tazewell* v. *Smith,* 1 Rand. 313. Here are legacies; here is personal property; the testator designed to pay the legacies else he would not hav given them; and there is a clause giving Ella Spicer the "balance" of that personalty. Why are those legacies not payable out of the personalty?

The bill claims that the specific devise to Ella and Burton Shanklin is as much chargeable with the legacies as is the home place. This is not correct. The rule is that specific devises of land are not chargeable with legacies, unless the intent is apparent. *Hogg* v. *Browning,* 47 W. Va. 22. "The presumption is, as between the specific devisee and pecuniary legatee, that the testator intends the money legacy to be paid first out of the personal property and next out of the real estate which is in-

cluded in the residue." Underhill on Wills, sec. 396. 19 Am. & Eng. Ency. L. 1313, 1356. Even if a specific devise of land is charged with debts, the residuary legacy must first pay them. Likewise as to legacies; if the specific devise would be liable to debts secondarily only though so charged, much more would the residuary legacy have to pay when the specific legacy or devise is not charged. *Harrison* v. *Haskins,* 2 Pat. & Heath 388. But this specific devise is realty not involved in this Court. We must remember that Ella Spicer takes a legacy of personalty under a residuary clause. "It is one of the most elementary principles of the law of distribution that the rsiduary personal estate must first bear the burden of the debts of the decedent, and that the residuary legatees can take nothing until all debts and prior dispositions have been satisfied, consequently though of course the residuary legatees contribute *inter sese,* in that each must contribute his proportionate share of the debts of the estate, and can only receive his proportion of the surplus remaining over and above all debts and legacies, they cannot call upon any other legatees to contribute or abate with them, whether these legatees be specific, demonstrative, or merely general, although the residuary personal estate is wholly exhausted." 6 Am. & Eng. Dec. Eq. 338.

I think it error to allow so large a sum to attorneys out of a small estate for services in a suit of no difficulty or size. The record is small, a short bill, a short decree—no depositions—only the construction of the will involved. This Court and others have strongly condemned the allowance of heavy fees out of dead men's estates and funds. *Fowler* v. *Lewis,* 36 W. Va. 154; *Trustees* v. *Greenough,* 105 U. S. 537.

We reverse the decree and remand the cause to the circuit court in order that another decree may be entered conforming to the principles above indicated.

*Reversed.*