# CHARLESTON.

JULIA A. VAUGHAN *v.* WILLIAM A. VAUGHAN

(No. 5459)

Submitted April 27, 1926.    Decided May 4, 1926.

1. APPEAL AND ERROR—*Evidence to Support Decree Adjudicating Principal Controversy in Cause From Which There Has Been No Appeal Will Not be Reviewed to Reverse or Sustain Such Decree.*

   The evidence to support a decree adjudicating the principal controversy in a cause, from which decree there has been no appeal, will not be reviewed for the purpose of reversing or sustaining that decree.   (p. 563.)

   (Appeal and Error, 4 C. J. §§ 2583, 2865.)

2. SAME—*Findings of Fact Made by Commissioner in Chancery on Conflicting Evidence Confirmed by Chancellor Will Not be Reversed on Appeal, Unless Plainly Wrong.*

   The findings of fact made by a commissioner in chancery upon conflicting evidence, and confirmed by the chancellor, carries a strong presumption of correctness, and will not be reversed unless plainly wrong.   (p. 564.)

   (Appeal and Error, 4 C. J. § 2865.)

3. PARTNERSHIP—*In Suit to Establish Partnership, Make Settlement Thereof, Order Dissolution, and for Payment to Partners of Respective Shares in Net Funds, Decreeing Division of Net Funds, Where Evidence is Not Sufficient on Which to Base Such Division, is Error.*

   In a suit to establish a partnership, make settlement thereof, order dissolution, and payment to the partners of their respective shares in the net funds, it is erroneous to decree a division of the net funds between the partners where the evidence is not sufficient upon which to base such division.   (p. 564.)

   (Partnership, 30 Cyc. p. 747.)

4. SAME—*In Suit to Establish Partnership, Make Settlement Thereof, and for Dissolution, on Showing That One Party Has Large Interest in Partnership Property, Which Was Illegally Taken From Her Control, and the Other Party Was Using it, and That it Was Likely to be Lost, Court*

*Should, if Possible, Preserve Property Pending Final Decree.*

Where it appears that one of the parties to a partnership has a large and substantial interest in the partnership property which has been illegally taken from her control; the other partner using it as his own and enjoying the benefits thereof, and that the property is likely to be lost by reason of non-payment of taxes or other cause, the court should, if possible, preserve the property pending final decree. (p. 565.)

(Partnerships, 30 Cyc. p. 728.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Mingo County.

Suit by Julia A. Vaughan against William A. Vaughan, to establish a partnership, and for the settlement and dissolution thereof. From an adverse decree, defendant appeals.

*Modified; affirmed in part; and remanded.*

*James Damron* and *G. W. Crawford,* for appellant.

*Thomas West,* for appellee.

LIVELY, JUDGE:

This litigation is between mother and son, and involves the ownership of certain real estate the title to which was formerly in the mother, the plaintiff, and which she avers was extracted from her by fraud and misrepresentation by the son.

The bill is based primarily upon the theory that a partnership existed between mother and son, in a restaurant, rooming house, pressing business, barber shop and pool table business, in the City of Williamson; that there were large profits therefrom, and the proceeds were invested in the real estate in litigation, in the name of the mother. The prayer has a double aspect, first settlement of the partnership accounts, winding up of the affairs, and the sale and distribution of the partnership assets; but if that cannot be done, then that the property be decreed to be held by the son in trust for the interest of the mother therein and sold for her benefit; and for general relief.

The answer denies the material allegations of the bill; denies that there was a partnership, and, of course, denies that there were profits from a partnership; or that the real estate in litigation was purchased by the son with funds derived from any business in which the mother had an interest. To account for the deeds to the mother, the answer says that she simply held the bare legal title because the son feared the result of threatened litigation, and because he was engaged in a precarious and questionable business ("bootlegging"), he placed the real estate purchased in his mother's name as a pure trust, and that she so understood it. The answer also denies that fraud and misrepresentation was practiced on the mother to extract the legal title from her, as alleged in the bill.

The parties went to proof on the bill and answer, and numerous depositions were taken. The cause was submitted, and on September 20, 1924, the court found and decreed that a partnership existed between the parties, beginning in the year 1909; but that how long it continued, when dissolved or what profits were made, if any, the court could not ascertain, and referred the cause to a commissioner for that purpose. Upon the coming in of the commissioner's report, the court overruled exceptions thereto and confirmed it; decreed a dissolution, and ordered that the real estate and personal property be sold, and after payment of debts reported and decreed, that the proceeds be divided equally between the mother and son, but failed to provide the time or terms on which the sale should be made. This decree, as to the time and terms and place of sale, was afterwards amended and supplemented in these particulars by a *nunc pro tunc* order entered after appellant had prepared the record and petition for appeal.

There are numerous points of error charged against the decree, the first of which is that the demurrer to the bill should have been sustained. There is no merit in this contention. No ground of demurrer was assigned, and nothing is said about it in appellant's brief.

The next point of error is, that the court erred in finding that a partnership in fact existed between the mother and son. To sustain this point counsel refers to the entire record

of over seven hundred pages, without stating what particular part of the evidence refers to the point in question. No condensed recital of the evidence relied upon to show the non-existence of the partnership, has been made; the rules of this court have not been complied with.' However, we find that we are precluded from considering the evidence as to the existence of the partnership, because the court in its decree when the cause was submitted on bill, answer and depositions, September 20, 1924, decided and settled this, the principle contention in the cause. That decree has not been appealed from and is binding upon the parties as well as upon this court. We must consider the cause and the subsequent proceedings therein in the light of the judicial ascertainment that a partnership was formed in 1909.

The commissioner reported: (1) that the partnership was never legally terminated and was in existence at the time his report was filed, as to both' real and personal property; (2) that no books of account were kept relating to profits and losses, and that the evidence thereon was vague, uncertain and unsatisfactory, but that the business was profitable and the gains made therein were largely, if not entirely, invested in the real estate; (3) upon the inquiry, "Whether or not the real estate set out in the bill of complaint, or any part thereof was purchased with funds or money realized from said partnership or other joint funds of the parties, or whether the same was purchased with funds or money belonging to the defendant, William A. Vaughan," the commissioner reported that the real estate was purchased from funds and money realized from the partnership; and (4) the debts against the partnership owing to various persons and firms named were found to be $5,317.36. It will be observed from the decree of reference that the commissioner was not directed to make and report a settlement between the partners nor what amount was contributed by each to the partnership assets.

Exceptions to the commissioner's report are to the effect that the evidence does not support his findings as above set out. We are not cited to the evidence to support this contention. We have examined the evidence only so far to see

that it is conflicting and that there is evidence of a satisfactory character which will support the commissioner's finding. The circuit court confirmed the report. It is well settled that the finding of a commissioner which has been approved by the court's decree is entitled to peculiar force, and will not be disturbed by the appellate court unless clearly wrong. This is the uniform holding of this court. See numerous cases cited in Vol. 1 (Cum. Supp.) Ency. Dig. Va. & W. Va. Repts. page 385.

It will be observed that there was a partnership, so determined by decree which has not been appealed from; that the real estate in question was purchased and paid for by partnership funds; that the commissioner's report does not attempt to make a settlement between the partners as to what part of the partnership assets, after paying the debts, should go to each (the order of reference did not require him to do so); that the court's last decree, the one appealed from, confirmed the commissioner's report, and directs sale of the partnership assets, including the real estate, and payment to the partners in equal shares of the net amount thus realized. It is evident that this decree in respect to the amount which should be paid to each partner is premature, as there is no evidence or report on which that division can be made. We think it was error to thus decree the share of each partner under the present state of the evidence. In that respect the decree will be set aside. Where there is lack of evidence on which a controversy is to be decided, and it is apparent that such evidence exists, the court should refuse to decree until such defect is remedied. *Jacobs* v. *Jacobs,* 100 W. Va. 585, 131 S. E. 449; *Atkinson* v. *Sutton,* 23 W. Va. 197; *Blue* v. *Blue,* 92 W. Va. 574.

All that has been judicially ascertained is that a partnership existed, not dissolved; that profits were made therefrom, the exact amount of which is not ascertainable, but that the real estate and personal property now on hand is the amount of profits which are tangible and which can be determined; and that there should be an equal division. As above observed, no attempt has been made to ascertain or settle the partnership accounts and strike a balance between the partners. That

should be done. In the meantime what should be done with the property? It is quite clear that the plaintiff has a very substantial interest in this property, of which she has been deprived. Defendant obtained the legal title to the real estate from her and is exercising exclusive ownership over it, collecting and appropriating to himself the rents, issues and profits thereof amounting to about $300.00 per month, while his mother has been deprived of any dominion over her interest therein, deprived of its benefits, ejected, and is now supported in her old age and sickness by relatives. While there was an attempt to ascertain the indebtedness, and the commissioner's report says that there is due creditors the sum of $5,317.36, there has been no convention of the creditors or lien holders on the real property, and the creditors who did not file their claims with the commissioner are not bound by that finding. It does not appear, except by inference, that there are not other creditors. If the property be sold and there be lien holders they should be ascertained and their debts determined in the order of their dignity and priority, so that they can protect their liens when the property is sold, by making it bring a sufficient amount.

That there should be a dissolution is apparent. The partnership could not be carried on under the circumstances now existing. When a cause for dissolution is shown as in this case, and the partners are discordant and ill will exists, equity should not leave the business and property wholly in possession and control of one partner to the exclusion of the other but should take charge of the property itself by receiver, by which it can protect the rights of the creditors as well as the rights of each partner until their respective rights in the partnership property are ascertained. *Childers* v. *Neeley,* 47 W. Va. 70; *McMahon et al.* v. *McClernan,* 10 W. Va. 419. The record shows that the property is delinquent for taxes for the years 1922 and 1923, and the rents should be used for the protection and preservation of the property instead of for the personal use of defendant. The case calls for preservation of the property for the creditors and parties in interest, and a receiver should be appointed by the court *ex mero motu.*

The decree in so far only as it decrees a sale and distribu-tion of the net proceeds equally between plaintiff and defend-ant, is reversed and set aside, and in all other respects is affirmed, and the cause is remanded. Costs on this appeal are awarded to the appellee as the party substantially prevailing.

*Modified, affirmed in part and remanded.*