[Civ. No. 5897.  Second Appellate District, Division Two.—July 2, 1930.]

COMMERCIAL DISCOUNT COMPANY (a Corporation), Respondent, v. W. R. HOWARD et al., Appellants.

C. O. Bacon and George DeForrest Home for Appellants.

Dryer, Castle, McConlogue & Richards for Respondent.

GATES, J., *pro tem.* — This action was tried upon an agreed statement of facts. The plaintiff and respondent is engaged in the business of handling automobile contracts—commercial paper. Appellants, who are dealers in automobiles, entered into five conditional sales contracts with various customers. For a valuable consideration they sold and transferred these contracts and the title thereof to the cars to respondent corporation. These transfers were evidenced by an assignment and agreement, to both of which we shall presently allude. The purchasers failed to make the payments called for by the contracts and respondent repossessed the cars and sold them. The amounts alleged to be the balance due were the amounts still unpaid by the purchasers at the time of repossession. The several deficiencies alleged to be due were unpaid by appellants, respondent having demanded payment thereof.

The essential part of the contract is as follows: " . . . In the event the seller elects to take possession of such personal property, all of the rights of the purchaser under this contract shall immediately terminate and all payments thereto-

fore made hereunder shall belong absolutely to the seller; provided, however, that such termination shall not release the purchaser from any payments due and unpaid at the time of such termination, and the purchaser hereby agrees to pay to the seller any and all sums which may be so due and unpaid to said seller at the time thereof.''

The salient parts of the assignment are as follows: ''For value received, we hereby sell, assign, transfer and set over to Commercial Discount Company (hereinafter called the assignee), all of our right, title and interest in and to all moneys due and to become due and payable thereunder, and we hereby sell, assign, transfer and set over to the assignee all of our right, title and interest in and to the property in said contract described . . . and agree that should the assignee take possession of said property, for failure of the purchaser to perform any of the conditions of said contract, to at once pay to the assignee the balance owing by the purchaser under the terms of said contract, upon the conveyance of said property to us, or we agree that the assignee may sell said property without notice of any kind, for such price as it can secure for the same, and in the event that said property does not sell for enough to pay the balance owing by the purchaser under the terms of said contract, together with the expenses of sale, upon demand, to pay any deficiency; we further agree that as to the assignee our rights and privileges shall not be those of a surety, guarantor, or indemnifier, but that our obligations to the assignee are absolute and unconditional and shall be enforcible even though the assignee's right to enforce the contract, or any provisions thereof, be suspended or impaired by any statute or otherwise.''

Upon the stipulation of facts thus made the trial court rendered judgment in favor of respondent and against appellants and each of them in the sum of $1960.66 and costs. From this judgment the latter appeal.

It is appellants' contention that respondent succeeded only to the rights of the seller under the sales contract, and that as successor it had two remedies: either to repossess the automobile, thereby terminating the liability of the buyer thereunder, or to affirm the contract, treating it as a valid sale with title to the property conveyed to the pur-

chaser, and sue for the balance of the purchase price. The gist of appellants' contention is that after a repossession of the property there is no balance owing by the purchaser under the terms of the conditional sales contract, the reason being that such repossession wiped out any further liability on the part of the seller.

The general rule is well settled that it is optional with the seller, upon default by the purchaser in complying with any of the vital terms of the agreement, either to treat the contract as involving a conditional sale and retake possession of the property, or ratify the contract as one involving an absolute sale of the property and so sue for the recovery of all moneys then payable thereunder. In other words, the seller in such case is vested with the right to exercise an election as between the two remedies suggested. (*Johnson* v. *Kaeser*, 196 Cal. 686, 694 [239 Pac. 324]; *Parke & Lacy Co.* v. *White River L. Co.*, 101 Cal. 37, 40 [35 Pac. 442]; *Elsom* v. *Moore*, 11 Cal. App. 377, 379 [105 Pac. 271]; *George J. Birkel Co.* v. *Nast*, 20 Cal. App. 651, 654 [129 Pac. 945].)

Respondent contends that the purchasers are liable for all unpaid balances that may accrue after the termination of the agreement. The agreement does not so provide and such a construction cannot be given it. In the instant case the extent of the liability of the purchaser, after the contract had been terminated, was to pay to the seller such installments as had accrued prior to the date of the termination of the agreement and as then remained unpaid. As to this phase of the case respondent's contention cannot be sustained for the reason that there is no further liability on the part of the various purchasers in the contracts before the court, other than heretofore stated. It therefore follows that appellants are not liable for them, the purchasers, to respondent.

Appellants also contend that as there is no further liability on the part of the purchaser to the seller after the repossession, the contract then being terminated, there could be no "balance owing by the purchaser under the terms of said contract." There being no balance owing by the purchaser, there is nothing upon which the plaintiff can predicate any liability of the defendants. Aside from any

rights secured by respondent against the purchasers of the cars by the assignment executed by appellants, respondent acquired and obtained other, further and distinct rights against appellants. And the latter, by their agreement with respondent, created liabilities to respondent over and above the liabilities of the purchasers to it. The assignment provides that "the assignee may sell the property without notice of any kind for such price as it can secure for the same, and in the event that said property does not sell for enough to pay the balance owing by the purchaser under the terms of said contract, together with the expenses of sale, upon demand, to pay any deficiency." There can be no doubt that the parties meant by the phrase "balance owing" any unpaid installments on the contracts, and not the amount for which the buyer might be held legally responsible. ■ The word "balance" is often used in the sense of residue or remainder. (*Lopez* v. *Lopez*, 23 S. C. 258.) The word "balance," in a general sense, may be defined as what remains or is left over (*Lynch* v. *Spicer*, 53 W. Va. 426, 428 [44 S. E. 255])—remainder (*Prairie Grove Cheese Mfg. Co.* v. *Luder*, 115 Wis. 20, 26 [89 N. W. 138, 90 N. W. 1085]). It has, in law, no technical signification, but is a word which is in popular use. (6 C. J. 1170.) It likewise has been held that the word "owing" is synonymous with "remaining unpaid." (*Fowler* v. *Hoffman*, 31 Mich. 215, 219.)

After a careful reading of the assignment we conclude that there is an unconditional promise upon the part of appellants to pay any deficiency to respondent. The amount thereof has been correctly determined by the trial court.

Judgment affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 30, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 28, 1930.