

# The Attorney General of Texas

August 21, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Jerry (Nub) Donaldson
House of Representatives
Capitol Building
Austin, Texas

Opinion No. MW-224

Re: Authority of a county to invest in obligations issued by the United States

Dear Representative Donaldson:

You ask whether county governments and subdivisions thereof may withdraw funds from county depository banks and invest them in debt instruments of the federal government. Articles 2544 through 2558a, V.T.C.S., provide for the selection and utilization of a county depository. Article 2549, V.T.C.S., provides that the county treasurer shall transfer to the depository all funds belonging to the county and to any district or other municipal subdivision thereof not selecting its own depository. The tax collector is to deposit all taxes collected by him in the depository, and all money held by any district, county or precinct officer in the county is to be governed by this law. See Attorney General Opinion H-1185 (1978).

There are certain specific statutes which permit county funds to be placed in debt instruments of the federal government. The county may invest sinking funds accumulated for the redemption and payment of its outstanding bonds in federal government securities. V.T.C.S. arts. 779, 836. However, the proceeds from the sale of the bonds may not be so invested. See Attorney General Opinion V-1182 (1951). Articles 708b and 708b-1, V.T.C.S., permitted the proceeds of bonds issued and sold prior to their passage to be invested in federal securities provided the political subdivision was unable to obtain labor and materials to carry out the purpose for which the bonds were issued. See Attorney General Opinions O-7393, O-7267 (1946). These statutes have no present application. Finally, article 1269j-3, V.T.C.S., provides as follows:

> All political subdivisions of the State of Texas which have balances remaining in their accounts at the end of any fiscal year may invest such balances in Defense Bonds or other obligations of the United States of America; provided, however, that when such funds are needed the obligations of the United States in which such balances are invested shall be sold or redeemed and the proceeds of said obligations shall be deposited in the accounts from which they were originally drawn.

p. 713

You ask whether a county governing body has authority to withdraw funds from the depository and invest them in United States obligations in the absence of express statutory authority to do so.  Since article 2549, V.T.C.S., provides that all money is to be placed in the county depository, we believe a specific statute must provide an exception in order for the county to place funds in federal debt instruments.  Such exceptions are provided by articles 779, 836, and 1269j-3, V.T.C.S.

It is suggested that article 4413(34c), V.T.C.S., authorizes a county to invest its funds in United States obligations.  However, this statute applies only to funds which the political subdivision has legal authority to invest.  V.T.C.S. art. 4413(34c), § 1(1).  Placing funds in a depository is not an investment of those funds.  Lawson v. Baker, 220 S.W. 260 (Tex.  Civ. App. - Austin 1920, writ ref'd).  Thus article 4413(34c) does not authorize a county to invest funds which other statutes require to be placed in the county depository.  See Attorney General Opinion H-1013 (1977).

You also ask whether the withdrawal of funds from a county depository for the purpose of investing them in United States securities other than as specifically permitted by statute would constitute a breach of the depository contract entered into by the county and its depository bank.  The laws existing at the time the contract is made become part of it.  Langever v. Miller, 76 S.W.2d 1025 (Tex. 1934); Winder Bros. v. Sterling, 12 S.W.2d 127 (Tex. 1929).  We believe the statutes requiring all county funds, with certain specific exceptions, to be placed in the county depository become part of the county's contract with the depository.  Thus, if the county were to withdraw funds from the depository in order to invest them in United States securities other than as authorized by statute, it would breach its contract with the depository.

You next ask whether a county relinquishes any statutory right to invest its funds in United States securities by agreeing to a contract term that county funds are to be deposited with the depository.  In our opinion, statutes which permit the county to invest certain funds in United States securities become part of the contract.  See Langever v. Miller, supra; Winder Bros. v. Sterling, supra.  Thus, the county does not waive any right under these statutes by entering into a depository contract.

Moreover, in our opinion a county may not enter into a depository contract containing provisions inconsistent with those established by statute.  A county has only that contractual authority conferred by the constitution and statutes.  Hill v. Sterrett, 252 S.W.2d 766 (Tex. Civ. App. - Dallas 1952, writ ref'd n.r.e.); Galveston, H. & S.A. Ry. Co. v. Uvalde County, 167 S.W. 2d 305 (Tex. Civ. App. - San Antonio 1942, writ ref'd w.o.m.).  It may not contract away its statutory authority.  See Gulf Bitulithic Co. v. Nueces County, 297 S.W. 747 (Tex. Civ. App. - San Antonio 1927), rev'd, 11 S.W.2d 305 (Tex. Comm'n App. 1928).  See also Attorney General Opinions M-974, M-802 (1971); O-3837 (1941) (county cannot alter term of depository contract fixed by statute).

You next ask whether article 1269j-3, V.T.C.S., permits the withdrawal of funds from the year-end balances of the county in order to invest them in United States securities even though the funds may not be surplus funds and may have been collected for the purpose of financing county expenditures in the subsequent fiscal year.  Article 1269j-3,

V.T.C.S., refers to "balances remaining in their accounts at the end of any fiscal year" "Balance" has been defined to mean the excess funds in an account. Commercial Discount Co. v. Holland, 289 P. 906 (Cal. App. 1930); Jones v. Marrs, 263 S.W. 570 (Tex. 1924); Holmes v. Holmes, 396 P.2d 633 (Wash. 1964). We believe this definition applies to article 1269j-3, which refers to "balances remaining" in the accounts. (Emphasis added). The "accounts" referred to are, in our opinion, those records of account required by law to be kept by public officials for each separate fund as evidence of the stewardship of the fund — not bank accounts in which monies from many such funds might be collected. See V.T.C.S. arts. 1607, 1608, 1609.

In our opinion, article 1269j-3, V.T.C.S., permits the investment of only the monies remaining as surplus in the separate accounts for the preceding fiscal year. Only such unexpended year-end balances may be invested under it. Monies collected to finance public expenditures in the subsequent fiscal year are attributable to accounts for the new year, not the old one, and may not be withdrawn pursuant to article 1269j-3, V.T.C.S., until the conclusion of the new fiscal year, when any balances therein remaining would then become subject to it. Attorney General Opinion O-5278 (1943). See Attorney General Opinions M-75 (1967); V-1182 (1951).

We need not answer your final question, which depends on a conclusion that funds described in your previous question may be withdrawn at the end of the fiscal year.

Mr. Resweber has submitted the Harris County Depository Pledge Contract and asks whether Harris County may invest its funds in United States obligations under its terms and provisions. Harris County may invest its funds in United States obligations as permitted by the statutes discussed in answer to Representative Donaldson's questions. Since those provisions are incorporated into the contract, investment of the funds in accordance with them will not constitute a breach of contract.

### SUMMARY

County governments may withdraw funds from the county depository to invest them in United States obligations where expressly permitted to do so by statute. The laws existing at the time the contract is made become part of it. Thus, violation of a statute regarding withdrawal of funds constitutes a breach of the contract, and the county does not waive its right to withdraw funds pursuant to statute by entering into a depository contract. Article 1269j-3, V.T.C.S., does not authorize a county to withdraw at the end of a fiscal year and place in federal obligations funds which were collected for the subsequent fiscal year.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by:

Susan Garrison & Bruce Youngblood
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Walter Davis
Susan Garrison
Rick Gilpin
Tom Pollan
Mitch Winnick
Bruce Youngblood