FRANK WELCH v. THE NORTHERN PACIFIC RAILWAY COMPANY.

Opinion filed December 16, 1904.

**A Contract Limiting Liability of Carrier, Drawn by Him, Is Construed Liberally in Favor of the Shipper.**

1. A contract between a common carrier and a shipper of stock, drawn by the common carrier, and for his benefit, so far as limiting his liability is concerned, is to be construed liberally in favor of the shipper.

**Judgment Notwithstanding Verdict — Variance — Amendment.**

2. A judgment notwithstanding the verdict will not be upheld, under chapter 63, page 74, Laws 1901, on the ground merely that there was a variance between the cause of action stated and the proof adduced. It must further appear that no amendment of the complaint can properly be made.

**Failure of Proof Will Not Warrant Judgment Notwithstanding Verdict Unless Defect Can Be Supplied on Another Trial.**

3. A judgment notwithstanding the verdict will not be sustained, under chapter 63, page 74, Laws 1901, on the ground that there was a failure of proof as to some essential element of the cause of action. It must further reasonably appear that such defect of proof cannot be supplied on another trial.

Appeal from District Court, Walsh county; *Kneeshaw, J.*

Action by Frank Welch against the Northern Pacific Railway Company. Judgment for defendant and plaintiff appeals.

Reversed.

*E. R. Sinkler,* for appellant.

Defendant having moved for judgment notwithstanding the verdict and not in the alternative for a new trial, if the court erred in ordering judgment, the appellate court will order judgment for the amount of the verdict. Bragg v. C., M. & St. P. Ry. Co., 83 N. W. 511; Aetna Indemnity Co. v. Schroeder, 12 N. D. 110, 95 N. W. 436; Marquardt v. Hubner, 80 N. W. 617; Kreatz v. St. Cloud School Dist., 81 N. W. 533.

Judgment notwithstanding the verdict will not be granted when it appears that a person has a good cause of action, or defense, which has not been supported by reason of technical defects in the evidence, which may be supplied on another trial. Cruikshank v. Insurance Co., 77 N. W. 958; Marquardt v. Hubner, supra; Merritt v. Great Northern Ry. Co., 84 N. W. 321; Brag v. Railway Co., 83 N. W. 511; Hemstad v. Hall, 66 N. W. 366; Johns v. Ruff, 12 N. D. 74, 95 N. W. 440; Hernan v. St. P. City Ry. Co., 67 N. W. 71; Lough v. Thornton, 17 Minn. 253.

Grounds on which motion for a directed verdict is made must be specified. Tanderup v. Hansen, 66 N. W. 1073; Bowman v. Eppinger, 1 N. D. 21, 44 N. W. 1000; Sanford v. Duluth & Dak. Elevator. Co., 2 N. D. 6, 48 N. W. 434.

There is nothing to show that defendant has been misled or prejudiced by variance, if there is any. Rev. Codes, sections 5293, 5294; Place v. Minister, 65 N. Y. 89; Catlin v. Gunter, 11 N. Y. 368, 62 Am. Dec. 113; Blackman v. Wheaton, 13 Minn. 326; Hermist v. Green, 75 N. W. 819; Smith v. Lippincott, 49 Barb. 398; Sussdorff v. Schmidt, 55 N. Y. 319; Farrill v. Palmer, 36 Cal. 187; Patterson v. Keystone Mining Co., 30 Cal. 360.

It cannot be said that plaintiff did not comply with his contract, when his failure to comply was caused by negligence of the defendant. Smith v. Michigan Cent. Ry. Co., 58 N. W. 651; Taylor & H. Railway Co. v. Montgomery, 16 S. W. 178; Burns v. Chicago, M. & St. P. Ry. Co., 80 N. W. 927.

In an interstate contract of carriage, under section 4386, Rev. St. U. S., it is the duty of a railway company, if the person in charge failed to feed live stock, to feed and water said stock, and its failure

is gross negligence. Burns v. Chicago, M. & St. P. Ry. Co., 80 N. W. 927; Brockway v. Amer. Express Co., 47 N. E. 87; Nashville Ry. Co. v. Higgie, 86 Ga. 210, 22 Am. St. Rep. 453; Chesapeake & Ohio Ry. Co. v. Amer. Exch. Bank, 23 S. E. 935; Taylor & H. Ry. Co. v. Montgomery, 16 S. W. 178.

The usual time to make the run from South St. Paul to Grafton is twenty-four hours. If the company tries to do too much business with one crew by putting too many cars together, and were delayed thirty-two hours, negligence is presumed from such delay. Moulton v. St. P., M. & M. Ry. Co., 16 N. W. 497; Richmond R. R. v. Tonsdals, 99 Ala. 389, 42 Am. St. Rep. 69; Kinnick v. C., R. I. & P. Ry. Co., 29 N. W. 772.

Where the shipper shows live stock in good condition when shipped and in bad condition and injured at the journey's end, a prima facie case is made, and the carrier must show that the injury accrued from no negligence on its part. Boehl v. C., M. & St. P. Ry. Co., 46 N. W. 333; Hull v. C., M. & St. P. Ry. Co., 43 N. W. 391.

*Ball, Watson & Maclay,* for respondent.

A party must recover upon the case made by his complaint. Ausk v. Great Northern Ry. Co., 10 N. D. 215, 86 N. W. 719; Penn. Co. v. Walker, 64 N. E. 473; Terre Haute & L. Ry. Co. v. Sherwood, 31 N. E. 781, 32 Am. St. Rep. 239; Sanders v. Hartge, 46 N. E. 604; Hall v. Railway Co., 90 Ind. 459; Kimball v. Rutland & B. Ry. Co., 26 Vt. 247, 62 Am. Dec. 567; 3 Enc. Pl. & Pr. 852; Normile v Oregon R. & Nav. Co., 69 Pac. 928.

Plaintiff pleads a common law contract. The evidence discloses a special contract, with valid exemptions. It was incumbent on him to allege and prove excuse for his failure to perform the conditions of the contract. The stipulations were valid. 5 Am. & Eng. Enc. of Law, 453; Rev. Codes, section 4231; Squire v. New York Central R. R. Co., 98 Mass. 239, 93 Am. Dec. 162; Grieve v. Illinois Cent. Ry. Co., 74 N W. 192; Morse v. Ry. Co., 53 Atl. 874.

Proof is insufficient to sustain the verdict. He gave no notice of loss prior to removing the stock from its destination. This was a lawful stipulation. Sprague v. Missouri Pac. Ry. Co., 8 Pac. 465; Wichita Ry. Co. v. Koch, 28 Pac. 1013; Selby v. Wilmington & W. Ry. Co., 18 S. E. 88, 37 Am. St. Rep. 633; 5 Am. & Eng. Enc. of Law, 454.

The complaint charges damages due to over crowding, which resulted in smothering and scalding the sheep. The proof supports the claim. Conceding that the delay in reaching the destination was due to the defendant's negligence; that under the federal statute it was bound to feed, water and rest the stock every twenty-eight hours, whether it did, or did not furnish facilities to plaintiff for doing these things, and the sheep suffered injury thereby, the negligence of the plaintiff in overloading the cars, joined to that of the defendant in the matters stated, together produced the damages sued for. Where negligence is relied upon, the party pleading it must show himself free from it, and that his own acts have not contributed to produce the results complained of.

The case was a proper one in which to enter judgment for the defendant. No amendment of his complaint could make recovery possible.

MORGAN, C. J. The complaint in this action alleges that the defendant negligently failed to comply with its duty as a common carrier on a shipment of two carloads of sheep from St. Paul, Minn., to Grafton, N. D. The negligence charged is (1) overloading the cars; (2) delay in delivering the sheep, by reason of which they were not delivered at Grafton until fifty-six hours after loading, the usual time required to transport such property between said places being from twenty-four to thirty hours; (3) failure to feed and water the sheep while on the road. The answer sets forth the following affirmative defenses in addition to a general denial: (1) That the sheeep were carried by the defendant between said places under a written contract stipulating that the defendant was not to be held liable for any damages for its failure to comply with said contract unless such damages were immediately caused by the misconduct or the actual negligence of the defendant, its agents, servants or employes; (2) that plaintiff failed to comply with a stipulation of said contract providing that plaintiff should give notice in writing to some officer or station agent of said company of any damage claimed for breach of said contract before said sheep should be removed from the place of destination or mingled with other stock; (3) that any damages to plaintiff's sheep on said shipment under said contract were caused by plaintiff's misconduct and negligence. The jury returned a verdict in plaintiff's favor for the sum of $454. Upon the rendition of such verdict, the defendant moved for judgment notwithstanding the verdict upon the grounds stated in a

motion for a directed verdict, which had been denied. These grounds were (1) insufficiency of the evidence to justify a verdict in plaintiff's favor; (2) failure to comply with the conditions imposed by the contract on plaintiff; (3) variance between the cause of action stated in the complaint and the proof relied on to sustain the cause of action.

Before the motion for judgment notwithstanding the verdict was granted, the plaintiff asked leave to amend the complaint in several particulars. Among the amendments asked was one alleging that the sheep were shipped under the written contract which had been received in evidence; that plaintiff had complied with all the conditions of the same; and another amendment was asked to the effect that the caboose on which the plaintiff was riding had been negligently separated from the cars in which the sheep were being carried, and that in consequence thereof the plaintiff was not able to care for such sheep for about twenty hours, and that they were damaged in consequence of not having been fed and watered during that time. The amendment asked further alleged that the defendant negligently refused to furnish facilities for feeding and watering said sheep during said shipment. On objection made, the court refused to allow the amendment.

The only question raised on the appeal is whether it was error to grant the motion for judgment notwithstanding the verdict. On the part of the respondent it is claimed that the evidence shows that the plaintiff is not entitled to recover under any circumstances, as a matter of law. He insists that, the plaintiff having alleged as his cause of action a common-law contract of carriage, he cannot recover under a special contract in writing, without having pleaded such special contract; that the defendant is entitled to the benefit of the conditions of such written contract limiting its liability under some circumstances, and imposing upon the plaintiff certain duties in reference to the performance of the contract that were not fulfilled by him. Defendant especially insists that the plaintiff is precluded from ever recovering judgment in the case, for the reason that he neglected to serve notice upon the defendant of damages to the sheep caused by defendant's negligence during the shipment, "before said stock had been removed from the place of destination or mingled with other stock," as provided by the contract. The evidence fails to show a violation of this requirement. It is shown that the sheep were not removed beyond the limits of Grafton before the notice in writing was served, and it is also shown that the sheep were not

mingled with other sheep until a long time after the notice was served. This provision was made a part of the contract for the benefit of the defendant, and the contract was drawn by the defendant. Such a contract limiting the liability of common carriers is construed strictly against the carriers. To construe the contract so that the word "destination" would mean the premises of the defendant where the sheep were unloaded would be too strict, and not in harmony with the rule that the shipper is entitled to a liberal construction of such contracts in his favor. Cream City Ry. Co. v. Chicago, M. & St. P. Ry. Co., 63 Wis. 93, 23 N. W. 425, 53 Am. Rep. 267; Hooper v. Wells, 27 Cal. 11, 85 Am. Dec. 211.

It is also claimed by the defendant that plaintiff can in no event recover in an action on this contract, for the reason that it provides that the shipper was to feed and water the sheep while being transported. The contract does so provide. Plaintiff offered to show, and asked to have the complaint amended to allege, that, through the negligence of the defendant, it was rendered impossible for the plaintiff to feed the sheep, as they were carried several miles from where he was left, and they so remained for twenty hours, during which time the sheep were not fed or watered. Plaintiff further offered to amend his answer, and to prove that the defendant refused to furnish facilities for watering and feeding the sheep during the fifty-six hours they were kept in the cars. We think it was error to refuse to allow the plaintiff to show these facts, and, if necessary, to amend the complaint so as to make such facts admissible. The question is only mentioned as bearing upon the right of the defendant to judgment notwithstanding the verdict. It is well settled that a common carrier must provide facilities and opportunity for feeding and watering stock during transportation, in cases where the shipper agrees in the contract to feed and water them. The carrier is only absolved by such a contract from attending to the additional work of feeding and watering, but is not excused from affording the shipper the opportunity of so doing whenever it becomes reasonably necessary. A negligent failure to do so renders the carrier liable, if damages result directly from such failure. 6 Cyc., p. 438; Am. & Eng. Enc. of Law, vol. 5, p. 440; Smith v. Michigan Central Ry. Co. (Mich.) 58 N. W. 651, 43 Am. St. Rep. 440; Burns v. Chicago, M. & St. P. Ry. Co., 104 Wis. 646, 80 N. W. 927; Grieve v. Illinois Central Ry. Co., 104 Iowa, 659, 74 N. W. 192; Taylor, B. & H. Ry. Co. v. Montgomery (Tex. App.) 16 S. W. 178; Elliott on Railroads, vol. 4, section 1549.

The omission to plead the refusal to provide facilities for feeding and watering could in no case be ground for granting a motion for judgment notwithstanding the verdict. If the complaint is susceptible of amendment to supply an insufficient statement of a cause of action, the amendment must be allowed; and a judgment notwithstanding the verdict, rendered on a defective pleading, or upon evidence that is deficient in some particular, will not be upheld. The pleading must be deficient to the extent that no amendment thereof can be made, before a party can be deprived of his right to have a jury pass upon the facts that would be admissible if the pleadings were amended. A variance between the cause of action set forth and the proof adduced under it does not justify a judgment notwithstanding the verdict in such cases. A new trial may be granted in such case, or a verdict directed, but a party cannot be deprived of a right to amend the pleadings on a new trial by a summary judgment under the provisions of chapter 63, p. 74, Laws 1901, authorizing a judgment notwithstanding a verdict. The same rule is applicable upon failure of proof in reference to a fact not proven, without which the cause of action is not established. Before a judgment can be properly ordered under that chapter, it must reasonably appear that the defect in proof cannot be remedied if a new trial be granted This is the rule established in this state by several decisions, and in Minnesota, from which state the statute was taken. Richmire v. Elevator Co., 11 N. D. 453, 92 N. W. 819; Nelson v. Grondahl, 12 N. D. 130, 96 N. W. 299; Aetna Indemnity Co. v. Schroeder, 12 N. D. 110, 95 N. W. 436; Meehan v. Great Northern Ry. Co., 13 N. D. 432, 101 N. W. 183; Marquardt v. Hubner (Minn.) 80 N. W. 617; Cruikshank v. Insurance Co. (Minn.) 77 N. W. 958; Merritt v. Railway Co. (Minn.) 84 N. W. 321.

The plaintiff declared upon a cause of action based on the common-law liability of the defendant as a common carrier. It was established on the trial that, if any liability arose, it was upon a special contract of shipment, in which the defendant's liability was limited. But it does not appear that plaintiff has no cause of action upon the contract, if properly pleaded.

Inasmuch as a motion for a new trial was not joined with the motion for judgment notwithstanding the verdict, the question as to whether the defendant's right to move for a new trial still exists, or whether a new trial ought to be granted if a motion to that effect is made in time, is not before us on this appeal.

Reversed. All concur.