HENRY RIECK v. J. B. DAIGLE.

Opinion filed June 19, 1908.

**Negotiable Instruments — Defense.**

1. A promissory note, which contains the following stipulation: "This note subject to conditions of hotel purchase contract of even date herewith"—is nonnegotiable, and hence an indorsee thereof takes the same subject to all legal defenses or set-offs existing in favor of the maker of such note, at the date of the commencement of an action thereon.

**Evidence — Parol Evidence to Vary Writing.**

2. A written contract supersedes all prior or contemporaneous oral agreements or negotiations relating to the subject-matter embraced therein.

**Bills and Notes — Counterclaim — Payment.**

3. Defendant pleaded payment in full prior to the commencement of the action, but such defense is not supported by any evidence. He also attempted to prove a set-off for damages, based upon a breach of the contract, subject to the conditions of which the note was given, but it is *held,* for reasons stated in the opinion, that such defense was not established.

**Judgment Notwithstanding Verdict — New Trial.**

4. Following the rule announced in Welch v. N. P. R. R. Co., 14 N. D. 19, 103 N. W. 396, *held,* that it is not a proper case for ordering judgment, notwithstanding the verdict, but a new trial is ordered.

Appeal from District Court, Pierce county; *Cowan,* J.

Action by Henry Rieck against J. B. Daigle. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

*Christianson & Weber,* for appellant.

A statement in a note that merely refers to the consideration or transaction does not affect its negotiability. Rev. Codes 1899, Ch. 100, Sec. 5; Buford v. Ward, 19 So. 357; New Zealand Ins. Co. v. Maas, 59 Pac. 213; Biegler v. Merchants' Loan & Trust Co., 45 N. E. 512; Dobbins v. Oberman, 22 N. W. 356; Bank of Carroll v. Taylor, 25 N. W. 810; Kimball Co. v. Millon, 48 N. W. 1100; Hudson v. Emmons, 65 N. W. 542; Markey v. Corey, 66 N. W. 493, Choate v. Stevens, 74 N. W. 289.

Parol evidence cannot vary terms of a written contract. Rev. Codes 1899, Sec. 3888; Jones on Evidence, Sec. 505; Thompson v. McKee, 5 Dak. 172, 37 N. W. 367; Ely v. Kilborn, 5 Denio 514; Barnstable Sav. Bank v. Ballou, 119 Mass. 487; Clanin v. Easterly Harvesting Machine Co., 3 L. R. A. 863; Brewton v. Class, 22 So.

Rep. 916; First Nat. Bank v. Bows, 51 Pac. 777; Milich v. Armour Packing Co., 56 Pac. 1; Adams v. Watkins, 61 N. W. 774; Harrison v. Howe, 67 N. W. 527.

No brief by respondent.

FISK, J. This is an appeal from an order of the district court of Pierce county denying plaintiff's motion for judgment notwithstanding the verdict, or for a new trial. The action was brought to recover upon a promissory note, executed and delivered by defendant to one Hulda Rieck, which note, it is alleged, was, before maturity and for value, sold and indorsed to plaintiff, the stepson of the payee of said note. The complaint is in the usual form, and the answer, after admitting the execution and delivery of the note as alleged in the complaint, pleads payment in full prior to the commencement of the action. The answer also denies that plaintiff purchased said note in due course of business, and alleges that he had full knowledge of all the facts concerning the consideration thereof at the time of his purchase. The answer then proceeds to set out the consideration for the giving of such note, and alleges that defendant purchased a hotel property from Hulda Rieck for the sum of $900, agreeing to pay her $600, and to assume the payment of $300, which she then owed to one Hyde from whom she had heretofore purchased the property. It also alleges that Hulda Rieck represented to him that the sum of $300 was the total amount owing by her to Hyde on her contract for the purchase of said property, and that such representations were falsely and fraudulently made, with knowledge thereof at the time they were made, and defendant alleges that there was at said time the sum of $400 due said Hyde from her on such contract, and that defendant had to pay, and did pay, said sum, with interest, to Hyde before he could get a deed for said property from her. It is also alleged that the note in suit is one of four notes, for $100 each, which defendant executed and delivered to Hulda Rieck as part purchase price for said property, and further that defendant has paid Hulda Rieck $500 and interest, and Hyde $400 and interest, being payment in full of the purchase price of said property.

At the trial the note in suit, after being properly identified, was introduced in evidence, and is as follows: "$100.00. Devils Lake, N. Dak., Mar. 24, 1898. On or before the first day of December, 1902, for value received I promise to pay to Hulda Rieck or order one hundred ($100.00) dollars at the office of Albert M. Powell, In-

vestment Banker, Devils Lake, N. Dak., with interest at the rate of seven per cent per annum, payable annually, from date. This note subject to conditions of hotel purchase contract of even date herewith. J. B. Daigle." Said note bears an indorsement in blank by the payee. It was proven that, at the time this note was executed and delivered, there was a contract in writing, entered into between the parties, for the sale and purchase of this hotel property. This contract was offered in evidence, and, among other stipulations, contains the following: "Said Hulda A. Rieck and John Rieck, her husband, hereby agree to protect J. B. Daigle in quiet and peaceable possession of this hotel property, which has been sold to him, as against any possible harm or attempt at possession by Fannie M. Hyde, by reason of a disputed claim of $100.00, between said Fannie M. Hyde and Hulda Rieck." It is therefore apparent that the note is nonnegotiable and consequently is subject, in plaintiff's hands, to such defenses, when properly pleaded, as may exist. Plaintiff's contention that the same is negotiable is without merit, and the authorities cited by him are, we think, clearly distinguishable from the case at bar on the facts. Without attempting an analysis of the numerous authorities cited, which would serve no good purpose, we will proceed to a consideration of the other questions involved.

There are 24 alleged errors assigned in appellant's brief, but we are not required to notice them, except in a general way. The plea of payment was not supported by the proof, but the defense sought to be established was that, in the purchase of the hotel property, Hulda Rieck falsely represented that but $300 was at that time due Hyde from her, on the contract for deed to said property from Hyde to her, and that in fact there was a balance thus due of $400. Testimony was also introduced, over plaintiff's objection, tending to show an oral agreement, to the effect that if defendant was required to pay the $100 in dispute between Hyde and Hulda Rieck, the note in suit should be canceled and surrendered to him. We think this testimony was improperly received. Such oral agreement is clearly at variance with the written contract relating to the same subject-matter, entered into a day or two after such oral negotiations took place, and hence the written contract must be held to have superseded such oral negotiations. Proof of such oral agreement was therefore clearly incompetent. Under the clause of the written contract above quoted Hulda and John Rieck, her husband, agree to protect defendant in the quiet and peaceable possession of the property sold, as against any claims asserted by Hyde by reason of

the disputed item of $100. If defendant can show a breach of such contract, then, no doubt, the damage resulting to him therefrom would constitute a proper set-off in his favor, as against the note in suit, but he wholly failed to establish such defense by any competent evidence. There is not a scintilla of evidence in the record tending to show that Hyde had any legal right to recover this disputed item of $100; and, in the absence of such proof, no right of set-off was shown, nor, for the same reason, was any defense shown under the oral agreement aforesaid, even conceding that such agreement was not merged in the subsequent written contract. The ruling of the trial court, as well as the instructions complained of, were therefore erroneous, and necessitate a new trial. Judgment non obstante is asked for, but this would not be proper, as upon a new trial defendant may be able to supply the defect in his proof. Welch v. N. P. R. R. Co., 14 N. D. 19, 103 N. W. 396.

The order appealed from, in so far as it denied plaintiff's motion for a new trial, is reversed, and the cause remanded for another trial. All concur.