124 N. W. 429.

---

CADY WEBSTER v. COLIN McLAREN.

Opinion filed November 6, 1909.

**Accord and Satisfaction—Consideration—Pleading—Evidence.**

1. An answer does not state nor does the evidence show, a defense of accord and satisfaction when it states or shows only that there was a computation of the amounts mutually due between the parties, and that it was agreed that the accounts due should mutually offset each other, although one sum was less than the other. There is no showing nor allegation that there was any consideration for the agreement, or that it was executed by satisfactions, releases, or payment pursuant to such agreement, or that there was any dispute between the parties as to the amount due.

Trial—Judgment Notwithstanding the Verdict.

>    2. A motion for judgment, notwithstanding the verdict should not be granted, unless it appears fairly that the defect in pleading or insufficiency of evidence cannot be supplied on another trial.

Appeal from District Court, Cavalier county, *Kneeshaw,* J.

Claim and delivery by Cady Webster against Colin McLaren. Judgment for defendant, and plaintiff appeals.

Reversed.

*Fred Smith,* for appellant.

Partial performance does not extinguish an obligation. Carpenter v. Chicago M. & St. Ry. Co., 7 S. D. 584, 64 N. W. 1120; Troy Mining Co. v. White, 74 N. W. 236; Anderson v. First National Bank, 4 N. D. 182, 59 N. W. 1029; Attorney Gen'l. v. Supreme Council, A. L. H., 81 N. E. 966; Eckert v. Wallace, 75 N. J. Law, 171, 67 Atl. 76; Melroy v. Kemmerer, 67 Atl. 699, 11 L. R. A. (N. S.) 1018, and note; Peachy v. Witter, 63 Pac. 468; Keller v. Strong, 73 N. W. 1071; Grinnell v. Spink, 128 Mass. 25; Upton v. Demis et al., 94 N. W. 728; Hoidale v. Wood, 93 Minn. 190, 100 N. W. 1100.

Plea must allege what was done or given in satisfaction and its acceptance.    1 Cyc. p. 343.

*Cleary & McLean,* for defendant.

MORGAN, C. J.    Action in claim and delivery for property covered by a chattel mortgage. The jury found in favor of the defendant, and the plaintiff appeals from the judgment rendered on the verdict.

The errors specified in the settled statement of the case relate to the defense of accord and satisfaction, and whether such defense was properly pleaded in the answer and sustained by the evidence. The sufficiency of the answer was not attacked by demurrer, but by objections to the admission of any evidence in support of its allegations.    Although the action had been pending for a long time, this defense was not pleaded until after the plaintiff had rested her case at the trial. Leave to file an amended answer setting up this new defense was opposed by the plaintiff, but the court permitted it on condition that, if it appeared later that plaintiff was taken by surprise, a continuance would be granted.    There was no request for a continuance, which renders any objection to this ruling unavailing, even

if it be conceded to have been error to allow the filing of the answer at that time. The practice of delaying amendments to pleadings until at the trial is not commendable, and to permit such amendments without terms may lead to injustice, which is not avoided or remedied by granting a continuance as a condition of allowing an amendment.

Plaintiff objected to the filing of the amended answer upon the further ground that it failed to set forth any defense. It remains therefore, to determine whether the answer states a defense of an accord and satisfaction. After reciting several items of indebtedness—from the plaintiff to the defendant—the aggregate amounting to less than the amount due on the two notes to plaintiff and A. P. Webster, the answer alleges "that after these matters have been computed, as aforesaid, and the result arrived at as set forth in the last preceding paragraph, it was mutually agreed between the said Webster and this defendant that the amount due on the account of said Webster to this defendant should be applied to the satisfaction of the amount due from the defendant on the two notes set forth in the complaint, and that the said A. P. Webster should thereafter be released and discharged from any liability to this defendant by reason of said account; that the said A. P. Webster agreed to accept said discharge and release of said liability aforesaid as a full and complete satisfaction and discharge of any liability of this defendant for and on account of the said two notes, aforesaid; that this defendant and the said A. P. Webster thereupon separated with the mutual understanding that the said account of the said Webster to this defendant and the indebtedness of this defendant on the two notes aforesaid had been, and were, reciprocally satisfied and extinguished." This alleges an agreement of accord, whereby plaintiff and A. P. Webster agreed to accept less than due to them, and it alleges an agreement of satisfaction, but it does not allege any fact showing an actual execution of the agreement. It fails to allege any dispute as to the mutual accounts, nor is it alleged, directly or inferentially, that there was any consideration for the agreement. It therefore fails to allege all the facts necessary to a pleading of an accord and satisfaction. The sufficiency of the evidence to sustain a defense of accord and satisfaction is challenged, and the particulars wherein the evidence is claimed to be insufficient are pointed out in a motion for a new

—48—

trial. The sufficiency of the evidence was also challenged by a motion for a directed verdict, made by the plaintiff at the close of the case.

Before considering whether there was any evidence to sustain an accord and satisfaction we will briefly state the principles governing an accord and satisfaction as defined by our statute and construed by the authorities. Section 5269, Rev. Codes 1905, reads as follows: "An accord is an agreement to accept in extinguishment of an obligation something different from or less than that which the person agreeing to accept is entitled to." Section 5270 reads: "Though the parties to an accord are bound to execute it, yet it does not extinguish the obligation until it is fully executed." Section 5271 reads: "Acceptance by the creditor of the consideration of an accord extinguishes the obligation, and is called satisfaction." From these provisions it seems that something must be done more than to agree to the taking of a less sum than is due, or a different thing, before an accord and satisfaction are brought about or consummated. The agreement of accord must be executed. In this case there was nothing done but to agree that the indebtedness of the plaintiff to defendant and the notes of defendant to plaintiff should be deemed to offset each other. There was nothing done further than to go over the running account from the plaintiff to defendant and make a computation as to the sum due. There was no payment of any sum under the agreement, no passing of receipts in full or satisfaction of the mortgage. On the computation of the sums mutually due, it appeared that there was a small balance due the plaintiff and A. P. Webster on the notes. There was no payment of this sum, and there was no new consideration for the agreement of accord.

It is a general and elementary principle that a mere agreement to accept less than the full amount due is not binding unless based or some new consideration and followed by an acceptance of the sum in full satisfaction. Furthermore, there was no dispute betwwen the parties as to what was due between them. Conceding that the statement of the defendant as to what occurred between them when the mutual accounts were gone over is true, although disputed by the evidence of the plaintiff's witness, it is insufficient to show an accord and satisfaction. There must be a disputed account, or an acceptance of less than what is due in full satisfaction

of the whole claim, based on some new consideration for such agreement. A mere agreement to accept less than is due, without any consideration, where there is no dispute, is not an accord and satisfaction. The following authorities sustain this general principle: 1 Cyc. p. 311; Rued v. Cooper, 119 Cal. 463, 51 Pac. 704· Creighton v. Gregory, 142 Cal. 34, 75 Pac. 569; Prairie Grove Cheese Manufacturing Company v. Luder, 115 Wis. 20, 89 N. W. 138, 90 N. W. 1085; Grinnell v. Spink, 128 Mass. 25; Carpenter v. Chicago M. & St. P. Ry. Co., 7 S. D. 584, 64 N. W. 1120; Eckert v. Wallace, 75 N. J. Law, 171, 67 Atl. 76; Flenor v. Flenor, 99 S. W. 258, 31 Ky. Law Rep. 543. On the question of accord and satisfaction there was no question of fact to submit to the jury, and the motion for a directed verdict should have been granted. Plaintiff relies on an exception to an order made by the district court denying a motion for judgment notwithstanding the verdict. There was no error in denying that motion. There may well be different or additional testimony on another trial.

It is claimed that the defendant was estopped to show that certain property was never in his possession, for the reason that he had given a bond for the delivery of the property to him, and acknowledged by the recitals of the bond that the property had been taken from his possession and questions tending to bring forth the fact of such admission were objected to, and the objections overruled by the court, and these rulings were excepted to by the plaintiff. The abstract does not show that the property concerning which these questions were asked was taken from the defendant at the commencement of the action. The plaintiff's affidavit for the writ of replevin is not incorporated in or made a part of the abstract. Hence this question is not considered or passed upon.

The judgment is reversed, a new trial granted, and the case remanded for further proceedings. All concur.