## ELIZA SHUMAN v. JOHN LESMEISTER.

(158 N. W. 271.)

**New trial — motion for — statutory time — court — postponement of hearing by — appearance — participating on motion — jurisdiction — last urged for first time on appeal — objection waived.**

1. Where a motion for a new trial was noticed by plaintiff for hearing within the statutory time, but the hearing thereon was by the district judge postponed from time to time for a period of about six months without notice to defendant, but for the accommodation of the court,—because of other official engagements,—and the record disclosing that defendant appeared and resisted the motion on the merits without objection, he will not be permitted on appeal to urge for the first time that the court had, by such postponements, lost jurisdiction to entertain such motion.

**Evidence — insufficiency — failure to point out — moving party — in lower court — waiver — rule — object of — statutes.**

2. The failure of the moving party to point out in the court below the particulars wherein the evidence is deemed insufficient to sustain the verdict cannot be urged for the first time in the appellate court. The statutory rule requiring such particulars to be pointed out was designed for the information and assistance of the court and the opposing party, and will be deemed waived when not urged in the court below. On this point the present statute (§ 4,

34 N. D.—14.

chap. 131, Laws of 1913), for reasons stated in the opinion, differs from the prior law as contained in Rev. Codes 1905, § 7058, Comp. Laws 1913, § 7655.

**New trial — trial court — order on motion for — presumptions — correctness.**

3. Every presumption will be indulged in favor of the correctness of the trial court's order granting a new trial.

**New trial — ground — insufficiency of evidence — verdict — statement of case — evidence — must be made a part of.**

4. An order granting a new trial upon the ground of the insufficiency of the evidence to sustain the verdict will not be disturbed in the Supreme Court where the appellant has failed to incorporate in, and make a part of, the settled statement of case, the evidence introduced at the trial below.

Opinion filed May 10, 1916.

Appeal from the District Court of Pierce County, *A. G. Burr,* J.

From an order granting plaintiff's motion for a new trial, defendant appeals.

Affirmed.

*R. E. Menzel,* for appellant.

Where a motion for a new trial is noticed to be heard at a time certain, and the court, of its own motion, postpones the hearing and it is not brought up for six months thereafter, or after the expiration of sixty days after the verdict or decision, and no cause shown for such extension, and no memorandum decision filed, the court lost jurisdiction. Session Laws 1913, chap. 131, §§ 2, 4, 6, 8; Feil v. Northwest German Farmers' Mut. Ins. Co. 28 N. D. 355, 149 N. W. 358.

*B. L. Shuman,* for respondent.

The *ex parte* orders of the court were never objected to by any party, in writing or otherwise, and there has been no showing of error on the part of the court in making them. Further, participation on the hearing waived all objections. Rev. Codes 1905, § 7666, Comp. Laws 1913, § 8301; Johnson v. Northern P. R. Co. 1 N. D. 354, 48 N. W. 227; Tuttle v. Pollock, 19 N. D. 308, 123 N. W. 399; Tilton v. Flormann, 22 S. D. 324, 117 N. W. 377; Bishop & B. Co. v. Schleuning, 19 S. D. 367, 103 N. W. 387; O'Brien v. Miller, 4 N. D. 308, 60 N. W. 841; Session Laws 1913, chap. 131, § 6.

The minutes of the court constitute the courts record. Submission of

matters, on the minutes, affords a speedy and inexpensive way of hearing the matter after the trial. Distad v. Shanklin, 11 S. D. 1, 75 N. W. 205; 14 Enc. Pl. & Pr. 915; 17 Enc. Pl. & Pr. 908.

When a new trial is denied, the burden is upon the appellant to comply strictly with all statutory requirements, and the showing that the lower court abused its discretion must be clear before the appellate court will interfere. Jackson v. Ellerson, 15 N. D. 533, 108 N. W. 241; Bertelson v. Ehr, 17 N. D. 339, 116 N. W. 335; State v. School Dist. 18 N. D. 616, 138 Am. St. Rep. 787, 120 N. W. 555; Blessett v. Turcotte, 20 N. D. 151, 127 N. W. 505; F. A. Patrick & Co. v. Nurnberg, 21 N. D. 377, 131 N. W. 254.

The court may grant a new trial on grounds not expressly named in the application. 14 Enc. Pl. & Pr. 718, subdiv. 2.

The discretion of the trial court in granting a new trial will not be questioned without a clear showing of abuse. 14 Enc. Pl. & Pr. 960-962; House v. Wright, 22 Ind. 383; Shepherd v. Brenton, 15 Iowa, 84; McNair v. McComber, 15 Iowa, 368.

FISK, Ch. J. Defendant appeals from an order granting plaintiff's motion for a new trial. Such motion was based upon the minutes of the court. After the order was granted, defendant's counsel prepared and caused to be settled, pursuant to law, a statement of case for use on the appeal.

The specifications of error are as follows: (1) The court erred in considering plaintiff's motion for a new trial at all; and (2) the court erred in granting plaintiff a new trial upon the grounds stated in the order for a new trial.

We deem the first specification without merit. It is predicated upon an alleged unwarranted delay in bringing the motion on for hearing, and it is asserted that the various *ex parte* orders continuing such hearing from time to time from June, 1914, to January, 1915, and also the various *ex parte* orders continuing the stay of proceedings from time to time until a decision could be had of such motion, were unwarranted because made without any showing of good cause therefor, and that for these reasons the court lost jurisdiction to entertain such motion. It appears from the record, however, that respondent is not chargeable with such delay, and that the various postponements and extensions were

necessitated because—owing to other engagements—the court was unable to entertain the motion for a new trial at an earlier date. In view of this, we cannot hold that respondent lost his right to have such motion considered. But furthermore, the record fails to disclose that any objection whatever was made by appellant to the consideration of such motion, and, manifestly, he cannot urge such objection for the first time in this court. It is true that, in appellant's brief, counsel states that he orally objected to such consideration, but he concedes that the record fails to disclose the objection. Such omission is fatal to appellant's contention under his first specification.

Appellant's second specification of error must also be overruled. While as one of the grounds of the motion for a new trial, plaintiff, as stated, challenged the sufficiency of the evidence to support the verdict, but failed to point out any particulars wherein the evidence thus failed, still in so far as the record discloses no objection whatever was urged by defendant to such practice, and the trial court, notwithstanding such omission, considered and decided the motion. This being true, we do not think appellant is in a position to now urge the point covered by such specification, especially in view of his failure to incorporate in his statement of case the testimony introduced at the trial.

It is well settled that every presumption prevails in favor of the correctness of the conclusions reached by the trial court. Also that a stronger case must be made to justify interference on appeal from an order granting a new trial, than where such relief has been denied. And in the absence of a clear showing of an abuse of the sound judicial discretion vested in the trial court, this court will not reverse an order granting or denying a motion for a new trial (Bristol & S. Co. v. Skapple, 17 N. D. 271, 113 N. W. 841; Ross v. Robertson, 12 N. D. 27, 94 N. W. 765), and when a new trial is granted, the order of the lower court will be affirmed if any ground for sustaining it is found in the record. Gooler v. Eidsness, 18 N. D. 338, 121 N. W. 83. When the motion is based upon several grounds the question, on appeal from an order granting a new trial, is not whether the trial judge was warranted in granting it upon a particular ground referred to in the order, but whether, upon the whole record and upon any of the grounds urged, it should have been granted. Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314.

In this connection, it should be noted that error is not specified as to the making of the order generally, but merely as to the granting of a new trial "upon the ground stated in the order for a new trial," which ground is the alleged insufficiency of the evidence.

Appellant directs our attention to § 4, chapter 131, Laws of 1913, and to the case of Feil v. Northwest German Farmers' Mut. Ins. Co. 28 N. D. 355, 149 N. W. 358, construing the same. That statute, it is true, requires a specification of insufficiency of the evidence to point out wherein the evidence is insufficient; and while, as we stated in the syllabus in the above case, "such statutory rule is . . . designed to inform the court and respondent's counsel of the particulars relied on as to the alleged insufficiency, and a substantial compliance therewith will be exacted," we did not there hold that the trial court, as well as counsel for whose benefit the rule was prescribed, could not—if they saw fit—waive a compliance with its terms. Such a waiver will be implied under the record before us. Such rule is not as stringent as the former rule found in § 7058, Rev. Codes 1905, Comp. Laws 1913, § 7655, which provided that "if no such specification is made, the statement shall be disregarded on motion for a new trial and on appeal." Under such a statute, appellant's contention might be upheld.

There were five other grounds alleged in the motion, but as none are challenged by the specifications of error we will not consider them.

In conclusion, it is sufficient to say that, after considering the two specifications urged, we deem them without merit. The order appealed from is affirmed.