## STATE OF NORTH DAKOTA, Respondent, v. GEORGE ANDERSON, Appellant.

(227 N. W. 220.)

Opinion filed October 24, 1929.

*Lemke & Weaver,* for appellant.

*J. M. Snowfield,* for respondent.

BURKE, Ch. J.: This is an action to establish the paternity of a

child born to Emma Dahlvang, an unmarried woman, on the 26th day of March, 1928.

The case was tried to a jury and a verdict returned finding the defendant, George Anderson, to be the father of said child, and from an order denying a motion for a new trial the defendant appeals.

The defendant contends, that the court erred in overruling objections to the following testimony of the defendant under cross-examination:

Ques. "You disposed of all your property didn't you?"

Mr. Peterson. "Objected to as incompetent and immaterial and not within the issue."  "Overruled."

Ques. "Turned your property over to your brother."  Mr. Peterson, "May I have an objection to all this line of testimony it is improper cross-examination."

The court, "You may have it overruled."

Ques. "You turned it over to your brother?"

Ans. "Yes."

Ques. "You did that did you?"

Ans. "Last summer in May."

Ques. "But your bill of sale was not filed until Christmas?"

Ans. "He told me to file it when he heard about this trouble.  No it wasn't filed until Christmas."

It is the contention of the appellant that this testimony does not tend to prove or disprove any issue in the case, but that it did prejudice the jury against the defendant.

The complaining witness testified that when she learned of her condition she spoke to the defendant about it one evening when he was at her home, and that she wrote him two letters.

There is no testimony that there was any consideration for the transfer, or any delivery of the property or that the bill of sale was ever delivered, but that the brother along about Christmas time, when he heard about the trouble, told the defendant to go and put the bill of sale on record.

In the case of Chaufty v. De Vries, 41 R. I. 1, 102 Atl. 612, 17 N.

C. C. A. 982, "a jitney passenger" sued the defendant for injuries received in an accident, he is asked, "did you make any transfer of your property immediately after this jitney accident," and over objection he answered:

"I transferred part of my property to my wife. It was intended to be done long before."

Ques. "But you did it immediately after this accident didn't you?"

"Yes, sir."

In holding that this testimony was proper the Rhode Island court reviewed the authorities as follows:

"In Heneky v. Smith, 10 Or. 349, 356, 45 Am. Rep. 143, which was an action for assault, it was shown that defendant and his wife made a conveyance of their property (some 400 acres of land) for the expressed sum of $12,000. The deed was executed 14 days after the shooting, and 6 days after the action was commenced and the summons served.

"In view of its character, and the circumstances under which it was executed, we think it was properly admitted. The jury might reasonably infer from this act of the appellant, in view of all its surroundings, that it was prompted by a consciousness on his part, that the shooting of the respondent was unjustifiable, and that he was legally liable for the damages occasioned by it. In this view, it would operate like an admission of liability, and be equally competent. 'Admissions may be by acts, as well as by words.' 2 Wharton, Ev. § 1081; Pennsylvania R. Co. v. Henderson, 51 Pa. 315, 6 Am. Neg. Cas. 244." (Other cases cited.)

"In a recent case the supreme court of Michigan admitted such testimony as proper. The headnote sufficiently states the question before the court and the ruling:

'Where in an action for assault and battery, including ravishment, the evidence showed that on the day following the assault plaintiff informed her husband, who then sought and found defendant, and requested him to be at the husband's house that night, evidence that thereafter during the same afternoon defendant approached a third

person and asked him if he would go on defendant's bond, if desired, was admissible to indicate guilty knowledge.' "

"In this case the defendant had not told the intending bondsman what he wanted it given for, saying he would tell him later; nevertheless, the supreme court said:

'It was claimed by the plaintiff that it was fairly inferable from the sequence of facts that inquiry as to bonds was the result of his talk with plaintiff's husband, and tended to indicate guilty knowledge. We are not prepared to say that such evidence had no probative force, and do not find its admission reversible error.' Totten v. Totten (1912) 172 Mich. 565, 570, 138 N. W. 257-259."

"In Harrod v. Bisson, 48 Ind. App. 549, 551-555, 93 N. E. 1093, in a suit for malpractice against a surgeon, the fact that he had transferred his property about the time of suit, elicited on cross-examination, was held proper. The case distinguishes Miller v. Dill, 149 Ind. 326, 49 N. E. 272, cited on defendant's brief. The opinion says, 48 Ind. App. page 551, 93 N. E. 1094: 'As an independent fact, this conveyance by appellant of his real estate to his wife, is foreign to any issue in the case, and it could be competent and material, if at all, but for one purpose, viz.: It might disclose inculpatory facts and circumstances, or an admission, by way of acts and conduct, proper to be submitted to a jury, as tending to show that appellant was conscious of having failed and neglected to treat appellee's injured arm in that skillful and careful manner that the law requires, and that he feared that he might be required to respond in damages on account of such neglect and lack of skill. We assume that it was on this theory that the trial court admitted the evidence. . . . It was proper, on cross-examination, for appellee to elicit from appellant any admission, by way of words or conduct, that tended to contradict, destroy, weaken or discredit his said evidence in chief, and we think the admission, elicited by the question objected to, tended to have this effect; therefore the evidence, if competent at all, was proper on cross-examination. There seems to be some conflict in the authorities in different states as to the admissibility of this character of evidence, but we think the weight of authority favors its admission.' "

In the case of Myers v. Moore, 3 Ind. App. 226, 28 N. E. 724, the court said: "The appellant over objection was asked upon cross-ex-

amination, and required to answer, about the disposition made by him of his property after the commission of the alleged assault and battery. This examination was competent for one purpose. It might disclose inculpatory facts and circumstances proper to be submitted to the jury. It might throw light upon the quality of the acts charged against the appellant in the complaint. It is upon this principle, or theory, that evidence of flight, escape, disguise, concealment, and the like may properly be considered in determining the guilt or innocence of the accused in a criminal case." Wharton in his Law on Evidence, vol. 2, § 1081, says, "Admissions may be by acts as well as by words. Silence itself may under certain circumstances be proved as involving an admission." Parker v. Monteith, 7 Or. 277; Greenl. Ev. §§ 65, 170; 1 Wigmore, Ev. § 282 says: "The conveyance of property during litigation or just prior to it may be evidence of the transferrer's consciousness that he ought to lose." See 3 Jones, Ev. p. 1915.

The defendant admits getting one letter from the complaining witness. He also admits, that after the trouble began his brother told him to put the bill of sale on file. If there had been no trouble, there would have been no bill of sale. There could be but one object in transferring this property, and that would be to defeat any judgment the complaining witness might recover against the defendant. We are of the opinion, that the evidence was admissible as an admission by act, and as tending to show a consciousness on his part of liability.

There is a direct conflict between the complaining witness and the defendant on the facts and the judgment on the verdict must be affirmed.

BIRDZELL, CHRISTIANSON, BURR, and NUESSLE, JJ., concur.